

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JULIE TILTON,**
**NICOLE BREITFELLER,** and
**TABITHA GAUTREAUX,**
Plaintiffs,

CASE NO.: 8:07-CV-00432-T-30MAP

**COMPLAINT**

vs.

**DEMAND FOR JURY TRIAL**

**JOSEPH R. FRANCIS, MRA HOLDINGS, L.L.C.,**
**MANTRA FILMS, INC.** d/b/a Girls Gone Wild,
**AMX PRODUCTIONS, L.L.C.** d/b/a AMX Video
a/k/a GM Video a/k/a George Martin Video
a/k/a Action Matrix, a/k/a Aztec Media Co., and
**SVOTHI, INC.** d/b/a PPVNetworks a/k/a Nakedontv.com

Defendants.

_____/

## COMPLAINT

The Plaintiffs, Julie Tilton, Nicole Breitfeller, and Tabitha Gautreaux (the

"**Plaintiffs**"), hereby sue the defendants identified herein and allege as follows:

### The Parties

1.      Joseph R. Francis is a resident of Nevada, and is the founder, CEO, and

sole shareholder of Mantra Films, Inc. and MRA Holdings, L.L.C. (referred to

collectively herein as "**the Companies**").

2.      Mantra Films, Inc., d/b/a Girls Gone Wild, an Oklahoma Corporation, has

its corporate office in Santa Monica, California.

3.      MRA Holdings, L.L.C. is a California limited liability corporation.



4.      AMX Productions, L.L.C. is a Colorado corporation, d/b/a AMX Video, and conducts business in the State of Florida.

5.      Svothi, Inc. is a New York corporation, d/b/a PPVNetworks and nakedontv.com

## Jurisdiction and Venue

6.      The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 18 U.S.C. §2255(a), and has supplemental jurisdiction over this matter pursuant to 28 U.S.C. §1367(a).

7.      The Court has personal jurisdiction over each of the Defendants because each Defendant: (a) is a resident or citizen of Florida; or (b) pursuant to Fla. Stat. § 48.193, each Defendant either: (i) operates, conducts, engages in, or carries on business or a business venture in Florida or has an office, registered business entity or agent in Florida; (ii) committed a tortuous act within Florida; or (iii) caused injury to Plaintiffs in Florida by acts or omissions committed by the Defendant outside Florida while the Defendant was engaged in solicitation or service activities within Florida or (iv) products, materials, or things processed, serviced, produced or manufactured by the Defendant were used or consumed in Florida in the ordinary course of commerce, trade, or use, and caused harm to the Plaintiffs.

8.      Venue is proper in the Middle District of Florida because a substantial part of the events giving rise to the claims stated herein occurred in the Middle District of Florida and within the Tampa Division, as per Local Rule 1.02.

9.    Venue would also be proper in the Northern District of Florida, in that Defendants Mantra Films, Inc., MRA Holdings, L.L.C., and Joseph R. Francis were prosecuted criminally in the Northern District of Florida for portraying minors in sexually-explicit videos, albeit to the best of the Plaintiffs' knowledge, Plaintiffs images on any video was not part of the factual basis for the prosecution.

**General Allegations Common to All Counts**

10.    During March of 2001, various "contests" (the **"Contests"**) were conducted at the Desert Inn in Daytona Beach, Florida during the Florida high school "Spring Break" vacation season.

11.    The Contests included, but were not limited to, the following:

(a)  Wet T-shirt Contest;

(b)  Sexual Positions Contest;

(c)  Banana Sucking Contest;

(d)  Muff Eating Contest and

(e)  Screaming Orgasm Contest.

12.    Each of the Contests included sexually-explicit conduct and subjected participants to demeaning, degrading, inappropriate, exploitive and illegal conduct.

13.    In March 2001, all Plaintiffs participated in the Wet T-shirt Contest, and while doing so engaged in sexually explicit conduct.

14.    In March 2001, Plaintiff Julie Tilton also participated in the Wet T-shirt Contest, the Muff Eating Contest, the Banana Sucking Contest, and the Sexual Positions Contest.

15.     While the Plaintiffs participated in the Contests and engaged in sexually-explicit conduct, the Plaintiffs were videotaped by various entities and individuals, including but not limited to, Goldrush/Barton (the "**Barton Tapes**"), FFPI/Prewitt (the "**Prewitt Tapes**"), and Ciani, Weitz and others (collectively the "**Bikinivoyeur Tapes**").

16.     During their participation in the Contests, the Plaintiffs were each videotaped in the presence of other individuals performing and simulating various sexually-explicit acts.

17.     The sexually-explicit videotaped conduct of the Plaintiffs during the Contests includes, but is not limited to, conduct included within the scope of the following:

(a)  'Sexually-explicit conduct" as defined by 18 U.S.C. §2256(2)(A)(i);

(b)  "Sexually-explicit conduct" as defined by 18 U.S.C. §2256(2)(A)(iii);

(c)  "Sexually-explicit conduct" as defined by 18 U.S.C. §2256(2)(A)(v);

(d)  A "sexual performance by a child" as defined by Fla. Stat. §827.071(1)(b);

(e)  "Sexual conduct" as defined by Fla. Stat. §827.071(1)(g);

(f)  A "sexual performance" as defined by Fla. Stat. §827.071(1)(h);

(g)  "Simulated sexual conduct" as defined by Fla. Stat. §827.071(1)(i).

18.     When the Plaintiffs participated in the Contests in March 2001 and were videotaped, Plaintiffs were minors, i.e. under the age of 18.

19.     The Plaintiffs were not required to provide, and did not provide, proof of age before participating in the Contests, nor did they do so during the Contests.

20.     The videotapes and the other visual depictions of the Plaintiffs engaged in sexually-explicit conduct constitute "child pornography" as defined by 18 U.S.C. §2256(8)(A), and knowing possession of such visual representations of a minor is unlawful under Fla. Stat. §827.071(5).

21.     The Plaintiffs have retained the following attorneys to represent them in this matter, and are obligated to pay those attorneys a reasonable fee for their respective services:  Litigation Concepts, L.L.C. (Richard S. Shankman, Esq.), and The Solomon Tropp Law Group, P.A.

22.     All conditions precedent to the filing of this action have occurred or been waived.

## Count 1: Violation of 18 U.S.C. § 2252(a)
## MRA Holdings, L.L.C.; Mantra Films; Joseph R. Francis

23.     Paragraphs 1 through 22 are incorporated herein by reference.

24.     This claim is brought pursuant to 18 U.S.C. §2255(a) against MRA Holdings, L.L.C.; Mantra Films, Inc., d/b/a/ Girls Gone Wild (**"the Companies"**); and Joseph R. Francis, as the alter ego of the companies, for violations of 18 U.S.C. §2252(a).

25.     Video materials of the Contests, showing the Plaintiffs, while still minors, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), were obtained from AMX and/or other sources, and mailed, shipped, and/or transported in interstate commerce to the companies, and incorporated by the companies into videos (**"the Companies' Videos"**).

26.    After the companies purchased the video materials from AMX, the companies created the companies' videos, incorporating images of the Plaintiffs engaged in sexually explicit conduct, as defined by 18 U.S.C. § 2256(2), from the AMX videos.

27.    The companies produced the companies' videos without determining whether AMX had ensured that none of the persons in the video who were engaged in explicit sexual conduct, or were filmed among persons engaged in such conduct, were under the age of 18.

28.    The companies produced the companies' videos containing images of the Plaintiffs without determining the ages of the Plaintiffs at the time the Plaintiffs' images were videotaped while Plaintiffs were engaged in, and were filmed in the presence of others who were engaged in, sexually explicit conduct.

29.    The companies' advertisements for those videos contained images of the Plaintiffs and of other individuals engaged in sexually explicit conduct.

30.    At the time the companies mailed, transported, shipped or distributed the company videos, the companies were consciously and/or willfully ignorant of the fact that the companies' videos depicted minors, including the Plaintiffs, engaging in sexually-explicit conduct.

31.    The companies, aided by others, produced the companies' videos, which contained one or more visual depictions of actual sexually explicit conduct by Plaintiffs, from materials shipped in Interstate commerce, without maintaining individually identifiable records pertaining to every performer portrayed in such visual depictions, in violation of 18 U.S.C. §2257(f)(1) and 28 CFR §75.

268454                                      6

32.     The companies knowingly sold or otherwise transferred, and offered for sale and transfer, the companies' videos which contained visual depictions of actual sexually explicit conduct and which were produced in whole or in part with materials which had been mailed or shipped in interstate and foreign commerce, and failed to identify thereon the location of the records showing identifiable age and identification records documenting that performers were at least 18 years of age, required by 18 U.S.C. § 2257(f)(4).

33.     The above-described acts of the companies were committed with reckless disregard for, or conscious indifference of, the laws of the United States, the consequences of those acts, the exploitive nature of those acts and the illegal nature of those acts.

34.     The above-described acts of the companies constitute violations of 18 U.S.C. §2252(a).

35.     As a direct result of the violation of 18 U.S.C. §2252(a), the Plaintiffs have suffered personal injury and other damages.

36.     Pursuant to 18 U.S.C. §2255(a), the Plaintiffs are entitled to recover damages, their attorneys' fees, expert witness fees and costs incurred as a result of any violation of 18 U.S.C. §2252(a).

WHEREFORE, Plaintiffs demand judgment against the defendant companies and Joseph R. Francis for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

## Count 2:  Violation of 18 U.S.C. §2252A(a)
## MRA Holdings, L.L.C.; Mantra Films, Inc.; Joseph R. Francis

37.    Plaintiffs incorporate herein the allegations of ¶1 - ¶22 and ¶25 - ¶34 above.

38.    This claim is brought pursuant to 18 U.S.C. §2255(a) against MRA Holdings, L.L.C., Mantra Films, Inc., d/b/a/ Girls Gone Wild (collectively "the companies"), and Joseph R. Francis   for violations of 18 U.S.C. §2252A(a).

39.    After the companies created the companies' videos, the companies knowingly mailed, transported, shipped or distributed the companies' videos, in whole or in part, in interstate or foreign commerce.

40.    At the time the companies mailed, transported, shipped or distributed the companies' videos, they had knowledge or willfully ignorant of the fact that the companies' videos depicted minors engaged in sexually-explicit conduct, and constituted child pornography.

41.    The above-described acts of the companies constituted violations of 18 U.S.C. §2252A(a).

42.    As a result of the violations of 18 U.S.C. §2252A(a), the Plaintiffs have suffered personal injury and other damages.

43.    Pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), the Plaintiffs are entitled to recover damages, their attorneys' fees, expert witness fees and costs incurred for each  violation of 18 U.S.C. §2252A(a).

268454

8

WHEREFORE, Plaintiffs demand judgment against the defendants named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

## Count 3:  Violation of 18 U.S.C. §1466A(a)(1)
## MRA Holdings, L.L.C.; Mantra Films, Inc.; Joseph R. Francis

44.    Plaintiffs incorporate herein the allegations of ¶1 - ¶22 and ¶25 - ¶34 above.

45.    This claim is brought pursuant to 18 U.S.C. §2255(a) against MRA Holdings, L.L.C.; Mantra Films, Inc., d/b/a/ Girls Gone Wild (collectively "the companies"); and Joseph R. Francis  as the alter ego for the companies, for violations of 18 U.S.C. §1466(a)(1).

46.    Video materials of the Contests, showing the Plaintiffs, while still minors, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), were mailed, shipped, and/or transported in interstate commerce from AMX and/or other sources, and incorporated by the companies into videos ("the companies' videos").

47.    The companies knowingly produced, distributed, received or possessed with the intent to distribute, the companies' videos depicting Plaintiffs in sexually explicit conduct which occurred while the Plaintiffs were still minors, in violation of 18 U.S.C. § 1466(a)(1).

48.    The companies videos depict the Plaintiffs engaged in sexually-explicit conduct , as defined in 18 U.S.C. § 2256(2)(B).

49.     The companies videos depict the Plaintiffs engaged in sexually-explicit conduct, as defined in 18 U.S.C. § 2256(2)(A).

50.     The companies mailed, shipped or transported the companies' videos, in whole or in part, in interstate or foreign commerce.

51.     The companies engaged in communications or transportation by mail in furtherance of the receipt, possession, distribution, and/or production of the companies' videos.

52.      Due to the violations of 18 U.S.C. § 1466A(a)(1) , the Plaintiffs have suffered personal injury and other damages.

53.     Pursuant to 18 U.S.C. § 2252A(f), the Plaintiffs are aggrieved parties and are entitled to recover damages, their attorneys' fees, expert witness fees, and costs incurred as a result of each violation of 18 U.S.C. § 1466A(a)(1).

WHEREFORE, Plaintiffs demand judgment against the defendant companies and Joseph R. Francis for damages (including punitive damages), all remedies available under 18 U.S.C. § 2252A(f), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

### Count 4:  Violations of 18 U.S.C. §2252(a)
### AMX Productions, L.L.C.

54.     Plaintiffs incorporate herein the allegations of ¶1 - ¶22 and ¶25 - ¶34 above.

55.     This a claim brought pursuant to 18 U.S.C. §2255(a) against AMX for violations of 18 U.S.C. §2252(a).

268454

10

56.     Video materials of the Contests, showing the Plaintiffs, while still minors, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), were mailed, shipped, and/or transported in interstate commerce to AMX.

57.     After AMX purchased the video material referenced in paragraph 55, AMX created videos which incorporated the images of the Plaintiffs engaged in sexually explicit conduct (the AMX videos), as defined by 18 U.S.C. § 2256(2), and knowingly transported or shipped the AMX videos in interstate or foreign commerce.

58.     AMX produced the AMX videos containing images of the Plaintiffs engaged in sexually explicit conduct without determining the ages of the Plaintiffs at the time Plaintiffs' images were videotaped while Plaintiffs were engaged in, and in the presence of others who were engaged in, the sexually explicit conduct .

59.     AMX produced the AMX videos without determining whether any of the persons in the video were under the age of 18.

60.     AMX produced the AMX videos containing one or more visual depictions of actual sexually explicit conduct by Plaintiffs, in whole or in part with materials shipped in interstate commerce, but did not maintain individually identifiable records pertaining to every performer portrayed in such visual depictions, in violation of 18 U.S.C. § 2257(f)(1) and 28 CFR § 75.

61.     AMX knowingly sold, or otherwise transferred and offered for sale and transfer, the AMX videos, which were produced in whole or in part with materials which had been mailed or shipped in interstate and foreign commerce, and failed to identify on the AMX videos the    location of the documentation showing identifiable age and

268454                                               11

identification records documenting that performers were at least 18 years of age, as required by 18 U.S.C. § 2257(f)(4), and did not meet the record keeping requirements of 28 C.F.R. § 75 with respect to the AMX videos.

62.    At the time AMX mailed, transported, shipped or distributed the AMX videos, AMX knew or was willfully ignorant of the fact that the AMX videos depicted minors, including the Plaintiffs, engaging in sexually-explicit conduct.

63.    AMX produced the videos containing images of the Plaintiffs without determining the ages of the Plaintiffs at the time Plaintiffs' images were videotaped while Plaintiffs were engaged in, and in the presence of others who were engaged in, sexually explicit conduct.

64.    AMX Video knowingly transmitted, re-transmitted, transmuted, broadcast, re-broadcast, distributed or disseminated the AMX videos in interstate or foreign commerce.

65.    The aforementioned transmission, re-transmission, transmutation, broadcast, re-broadcast, distribution or dissemination of the AMX videos in interstate or foreign commerce involved use of the wire and cable systems of the United States, the United States mail and equipment owned or leased by AMX.

66.    At the time AMX transmitted, re-transmitted, transmuted, broadcast, re-broadcast, distributed or disseminated the AMX videos, it had positive knowledge or was willfully ignorant of the fact that the AMX videos depicted minors, including the Plaintiffs, engaging in sexually-explicit conduct and constituted child pornography.

268454                                        12

67.     The above-described acts of AMX were committed with reckless disregard for or conscious indifference to the laws of the United States, the consequences of those acts, the exploitive nature of those acts and the illegal nature of those acts.

68.     The above-described acts of AMX constitute violations of 18 U.S.C. §2252(a).

69.     As a result of the violation of 18 U.S.C. §2252(a), the Plaintiffs have suffered personal injury and other damages.

70.     Pursuant to 18 U.S.C. §2255(a), the Plaintiffs are entitled to recover damages, their attorneys' fees, expert witness fees and costs incurred as a result of any violation of 18 U.S.C. §2252(a).

WHEREFORE, Plaintiffs demand judgment against AMX for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

## Count 5:  Violations of 18 U.S.C. §2252A(a)
## AMX Productions, L.L.C.

71.     Plaintiffs incorporate herein the allegations of ¶1 - ¶22 and ¶25 - ¶34 above.

72.     This a claim brought pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f) against AMX for violations of 18 U.S.C. §2252A(a).

268454                                           13

73.     AMX and its agents produced the AMX videos using video materials obtained from other sources and depicting Plaintiffs participating in the Contests and engaging in sexually-explicit conduct.

74.     The materials received by AMX and incorporated into the AMX videos were received, shipped or transported to AMX in interstate commerce.

75.     In producing the AMX videos, AMX and/or its agents reproduced, edited, assembled, modified, transmuted and otherwise manipulated video materials, obtained from other sources, which included reproduced and incorporated materials containing images of the Plaintiffs engaged in sexually-explicit conduct. The AMX videos were produced, in part, for use and sale on subscription pornographic websites.

76.     AMX and/or its agents knowingly advertised, promoted, presented, and distributed through the mail, in interstate and/or foreign commerce, the AMX video materials which included images of the Plaintiffs engaged in sexually explicit conduct, and presented the AMX videos for viewing and sale on subscription pornographic websites.

77.     AMX and/or its agents mailed, transported, shipped or distributed the AMX videos and portions thereof, in interstate or foreign commerce.

78.     At the time AMX and/or its agents mailed, transported, shipped, distributed and/or broadcast the AMX videos and portions thereof, they knew or were willfully ignorant of the fact that the AMX videos disseminated contained images of the Plaintiffs engaging in sexually-explicit conduct and constituted child pornography.

268454                                  14

79.    The above-described acts of AMX Video and/or its agents constitute violations of 18 U.S.C. §2252A(a).

80.    The above-described acts of AMX and/or its agents were intentional or were committed with reckless disregard for, or conscious indifference of, the laws of the United States, the consequences of those acts, the exploitive nature of those acts and the illegal nature of those acts.

81.    As a result of the violations of 18 U.S.C. §2252A(a), the Plaintiffs have suffered personal injury and other damages.

82.    Pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), the Plaintiffs are entitled to recover damages, their attorneys' fees, expert witness fees and costs incurred as a result of each violation of 18 U.S.C. §2252A(a).

WHEREFORE, Plaintiffs demands judgment against the defendant named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

## Count 6:  Violations of 18 U.S.C. §1466A(a)(1)
### (AMX Video Productions)

83.    Plaintiffs incorporate herein the allegations of ¶1 - ¶22 and ¶25 - ¶34 above.

84.    This a claim brought pursuant to 18 U.S.C. § 1466A(a)(1) against AMX Video Productions ("AMX").

85.    AMX knowingly produced, distributed, received or possessed with the intent to distribute videos ("AMX videos") depicting Plaintiffs in sexually explicit

conduct which occurred while the Plaintiffs were still minors, in violation of 18 U.S.C. § 1466A(a)(1).

86.    AMX videos depict the Plaintiffs engaged in sexually-explicit conduct , as defined in 18 U.S.C. § 2256(2)(B), and are obscene.

87.    The AMX videos depict the Plaintiffs engaged in sexually-explicit conduct , as defined in 18 U.S.C. § 2256(2)(A).

88.    AMX mailed, shipped or transported the AMX videos, in whole or in part, in interstate or foreign commerce.

89.    AMX engaged in communications or transportation by mail in furtherance of the receipt, possession, distribution, and/or production of the AMX videos, and video materials used to produce the AMX videos.

90.    As a result of the violations of 18 U.S.C. § 1466A(a)(1), the Plaintiffs have suffered personal injury and other damages.

91.    Pursuant to 18 U.S.C. § 2252A(f), the Plaintiffs are aggrieved parties and are entitled to recover damages, their attorneys' fees, expert witness fees, and costs incurred as a result of each violation of 18 U.S.C. § 1466A(a)(1).

WHEREFORE, Plaintiffs demand judgment against the defendant named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. § 2252A(f), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

## Count 7:  Violations of 18 U.S.C. § 2252A(a)
## (SVOTHI, INC.)

92.      Plaintiffs incorporate herein the allegations of ¶1 - ¶22 and ¶25 - ¶34 above.

93.      This is a claim brought pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f) against SVOTHI, Inc. ("SVOTHI") for violation of 18 U.S.C. §2252A(a).

94.      Video materials of the Contests, showing the Plaintiffs, while still minors, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), were mailed, shipped, and/or transported in interstate commerce from AMX and/or other sources, to SVOTHI.

95.      Video materials of the Contests, showing the Plaintiffs, while still minors, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), mailed, shipped, and/or transported in interstate commerce from AMX and/or other sources, to SVOTHI, were advertised for sale on one or more web sites, including nakedontv.com.

96.      The AMX videos and/or portions thereof, and pictures of Plaintiffs among pictures of others engaged in pornographic acts, were displayed by SOTHVI, INC or by agents acting on its behalf, on the website nakedontv.com.

97.      SVOTHI knowingly mailed, transported, shipped or distributed the AMX videos, in whole or in part, in interstate or foreign commerce.

98.      At the time SVOTHI mailed, transported, shipped or distributed the AMX videos, it had knowledge or was willfully ignorant of the fact that the AMX videos depicted minors engaged in sexually-explicit conduct, and contained sexually-explicit conduct by others, and constituted child pornography.

99.     The above-described acts of SVOTHI constituted violations of 18 U.S.C. §2252A(a).

100.    As a result of the violations of 18 U.S.C. §2252A(a), the Plaintiffs have suffered personal injury and other damages.

101.    Pursuant to 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), the Plaintiffs are entitled to recover damages, their attorneys' fees, expert witness fees and costs incurred as a result of each and every violation of 18 U.S.C. §2252A(a).

WHEREFORE, Plaintiffs demand judgment against the defendant named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(f), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

## Count 8:  Violations of 18 U.S.C. §1466A(a)(1)
## (SVOTHI, Inc.)

102.    Plaintiffs incorporate herein the allegations of ¶1 - ¶22 and ¶25 - ¶34 above.

103.    This a claim brought pursuant to 18 U.S.C. § 2252A(f) against SVOTHI, Inc.

104.    SVOTHI, Inc. distributed, received or possessed with the intent to distribute the AMX videos depicting Plaintiffs in sexually explicit conduct which occurred while the Plaintiffs were still minors.

105.    Video materials of the Contests, showing the Plaintiffs, while still minors, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), were mailed, shipped, and/or transported in interstate commerce from AMX and/or other sources, to

SVOTHI, and those materials were advertised for sale on one or more web sites, including nakedontv.com.

106.     The AMX videos and/or portions thereof, showing Plaintiffs engaged in sexually explicit conduct, and in the presence of others engaged in sexually explicit conduct, and pictures of Plaintiffs among pictures of others engaged in pornographic acts, were displayed by SOTHVI, INC or by agents acting on its behalf, on the website nakedontv.com.

107.     The AMX videos depicted the Plaintiffs engaged in sexually-explicit conduct, as defined in 18 U.S.C. § 2256(2)(A).

108.     The AMX videos depicted the Plaintiffs engaged in sexually-explicit conduct, as defined in 18 U.S.C. § 2256(2)(B).

109.     SVOTHI, Inc. mailed, shipped or transported the AMX videos, in whole or in part, in interstate or foreign commerce.

110.     At the time SVOTHI, Inc. mailed, shipped or transported the AMX Videos, it knew or was willfully ignorant of the fact that the Plaintiffs were minors when Plaintiffs engaged in the sexually explicit conduct on the AMX videos.

111.     The acts of SVOTHI, Inc. constituted the knowing distribution of child pornography and violations of 18 U.S.C. § 1466A(a)(1).

112.     As a result of the violations of 18 U.S.C. § 1466A(a)(1), the Plaintiffs have suffered personal injury and other damages.

113.    Pursuant to 18 U.S.C. § 2252A(f), Plaintiffs are aggrieved parties and are entitled to recover damages, their attorneys' fees, expert witness fees, and costs incurred as a result of each violation of 18 U.S.C. § 1466A(a)(1).

WHEREFORE, Plaintiffs demand judgment against the defendant named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. § 2252A(f), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

## Count 9:  Violations of 18 U.S.C. §2252(a)
## SVOTHI, INC.

114.    Plaintiffs incorporate herein the allegations of ¶1 - ¶22 and ¶25 - ¶34 above.

115.    This a claim brought pursuant to 18 U.S.C. §2255(a) against SVOTHI, Inc. ("SVOTHI") for violations of 18 U.S.C. §2252(a).

116.    The AMX videos containing visual depictions of the Plaintiffs, while still minors, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), were transported or shipped in interstate and/or foreign commerce by SVOTHI..

117.    The AMX videos were shipped to SOTHVI in interstate or foreign commerce.

118.    SVOTHI knowingly received and distributed visual depictions of the Plaintiffs which had been mailed, shipped or transported in interstate or foreign commerce, or which contained materials which had been mailed, shipped or transported in interstate or foreign commerce, and which depicted Plaintiffs, while still minors, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a).

119.     The AMX videos containing sexually explicit images of the Plaintiffs did not include notification of the location of documentation showing identifiable age and identification records documenting that performers were at least 18 years of age, as required by 18 U.S.C. § 2257(f)(4), nor did they have affixed a statement that all performers in the videos were 18 years of age or older.

120.     Video materials of the Contests, showing the Plaintiffs, while still minors, engaging in sexually-explicit conduct, as defined by 18 U.S.C. 2256(a), were mailed, shipped, and/or transported in interstate commerce from AMX and/or other sources, to SVOTHI, and those materials were advertised for sale on one or more web sites, including nakedontv.com.

121.     The AMX videos and/or portions thereof, showing Plaintiffs engaged in sexually explicit conduct and in the presence of others engaged in sexually explicit conduct, and still pictures of Plaintiffs among still pictures of others engaged in pornographic acts, were displayed by SOTHVI, INC or by agents acting on its behalf, on the website nakedontv.com.

122.     At the time SOTHVI mailed, transported, shipped or distributed the company videos, SOTHI knew or was willfully ignorant of the fact that the company videos depicted minors, including the Plaintiffs, engaging in sexually-explicit conduct.

123.     SOTHVI knowingly sold or otherwise transferred and offered for sale and transfer, the AMX videos which contained visual depictions of actual sexually explicit conduct and which were produced in whole or in part with materials which had been mailed or shipped in interstate and foreign commerce, and failed to ensure that thereon

was the location of the documentation showing identifiable age and identification records documenting that performers were at least 18 years of age, required by 18 U.S.C. § 2257(f)(4) and did not meet the record keeping requirements of 28 C.F.R. § 75 with respect to materials.

124. The above-described acts of SOTHVI were committed with reckless disregard for or conscious indifference of the laws of the United States, the consequences of those acts, the exploitive nature of those acts and the illegal nature of those acts.

125. The above-described acts of SOTHVI constitute violations of 18 U.S.C. §2252(a).

126. As a result of the violation of 18 U.S.C. §2252(a), the Plaintiffs have suffered personal injury and other damages.

127. Pursuant to 18 U.S.C. §2255(a), the Plaintiffs are entitled to recover damages, their attorneys' fees, expert witness fees and costs incurred as a result of any violation of 18 U.S.C. §2252(a).

WHEREFORE, Plaintiffs demand judgment against the defendant named in this count for damages (including punitive damages), all remedies available under 18 U.S.C. §2255(a), prejudgment and post-judgment interest, attorneys' fees, expert witness fees, costs and any other relief deemed appropriate by the Court.

## Demand for Jury Trial Under Rule 38(b)

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted,

*Thomas E. DeBerg*

Stanford R. Solomon
Florida Bar No. 302147
Mark S. Howard
Florida Bar No. 774146
Thomas E. DeBerg
Florida Bar No. 521515
THE SOLOMON TROPP LAW GROUP, P.A.
1881 West Kennedy Boulevard
Tampa, Florida 33606-1606
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
tdeberg@solomonlaw.com
Attorneys for **PLAINTIFFS**

**AND**

*/s/ Richard S. Shankman*

Richard S. Shankman
Florida Bar No. 175013
LITIGATION CONCEPTS, L.C.
2536 NW 53rd Street
Boca Raton, Florida 33496-2204
(561) 997-2771 (Tel)
shankmantancredo@aol.com
Attorney for **PLAINTIFFS**