UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JULIE TILTON,**
**NICOLE BREITFELLER, and**     CASE NO. 8:07-CV-00432
**TABITHA GAUTREAUX,**

      **Plaintiffs,**

vs.

**JOSEPH R. FRANCIS, MRA HOLDINGS, L.L.C.,**
**MANTRA FILMS, INC., d/b/a Girls Gone Wild,**
**AMX PRODUCTIONS, L.L.C. d/b/a AMX Video**
**a/k/a GM Video a/k/a George Martin Video**
**a/k/a Action Matrix, a/k/a Aztec Media Co., and**
**SVOTHI, INC., d/b/a PPVNetworks a/k/a Nakedontv.com**

      **Defendants.**

### JOSEPH R. FRANCIS' AND MANTRA FILMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, Joseph R. Francis and Mantra Films, Inc. (hereinafter "the Mantra Defendants"), file their answer and affirmative defenses to the Complaint filed by Julie Tilton, Nicole Breitfeller, and Tabitha Gautreaux, and state as follows:

#### The Parties

1.    Denied that Joseph R. Francis is a resident of Nevada. Otherwise admitted.

2.    Admitted.

3.    Admitted.

4. Without knowledge.

5. Without knowledge.

## Jurisdiction and Venue

6. Admitted for jurisdictional purposes.

7. Admitted that products, materials, things processed, serviced, produced or manufactured by the Mantra Defendants were used or consumed in Florida in the ordinary course of commerce, trade or use. Denied as to the remaining allegations.

8. Without knowledge.

9. Denied.

## General Allegations Common to All Counts

10. Without knowledge.

11. Without knowledge.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Without knowledge.

19. Without knowledge.

20. Denied.

21. Without knowledge.

22. Denied.

### Count 1:  Violation of 18 U.S.C. § 2252(a)
### MRA Holdings, LLC; Mantra Films; Joseph R. Francis

23. The Mantra Defendants restate and incorporate their responses to paragraphs 1 through 22, as if fully set forth herein.

24. The Mantra Defendants acknowledge that Plaintiffs are attempting to bring a claim under 18 U.S.C. §2255(a) but deny that they violated 18 U.S.C. §2255(a).

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

### Count 2:  Violation of 18 U.S.C. §2252A(a)
### MRA Holdings, LLC; Mantra Films, Inc.; Joseph R. Francis

37. The Mantra Defendants restate and incorporate their responses to paragraphs 1 through 22 and 25 through 34, as if fully set forth herein.

38. The Mantra Defendants acknowledge that Plaintiffs are attempting to bring claims under 18 U.S.C. §2255(a) and 18 U.S.C. §2252A(a), but deny that the Mantra Defendants violated such statutes.

39. Denied

40. Denied.

41. Denied.

42. Denied.

43. Denied.

### Count 3:  Violation of 18 U.S.C. §1466A(a)(1)
### MRA Holdings, LLC; Mantra Films, Inc.; Joseph R. Francis

44. The Mantra Defendants restate and incorporate their responses to paragraphs 1 through 22 and 25 through 34, as if fully set forth herein.

45. The Mantra Defendants acknowledge that Plaintiffs are attempting to bring a claim under 18 U.S.C. §1466A(a)(1) but deny that they violated 18 U.S.C. §1466A(a)(1).

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied

51. Denied

52. Denied.

53. Denied.

### Count 4: Violations of 18 U.S.C. §2252(a)
### AMX Productions, L.L.C.

54. - 70.    Paragraphs 54 -70 make allegations that are not directed to the Mantra Defendants, and therefore no response to these allegations is required. To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 5: Violations of 18 U.S.C. §2252A(a)
### AMX Productions, L.L.C.

71. - 82.    Paragraphs 71 through 82 make allegations that are not directed to the Mantra Defendants, and therefore no response to these allegations is required. To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 6:  Violations of 18 U.S.C. §1466A(a)(1)
### AMX Video Productions

83. - 91.    Paragraphs 83 through 91 make allegations that are not directed to the Mantra Defendants, and therefore no response to these allegations is required. To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 7:  Violations of 18 U.S.C. §2252A(a)
### SVOTHI, Inc.

92. - 101.    Paragraphs 92 through 101 make allegations that are not directed to the Mantra Defendants, and therefore no response to these allegations is required. To

the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 8:  Violations of 18 U.S.C. §1466A(a)(1)
### SVOTHI, Inc.

102. - 113.   Paragraphs 102 through 113 make allegations that are not directed to the Mantra Defendants, and therefore no response to these allegations is required.  To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

### Count 9:  Violations of 18 U.S.C. §2252(a)
### SVOTHI, Inc.

114. - 127.   Paragraphs 114 through 127 make allegations that are not directed to the Mantra Defendants, and therefore no response to these allegations is required.  To the extent that such allegations may be interpreted as requiring a response, the allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted against the Mantra Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the affirmative defense of reasonable mistake of age, because the Mantra Defendants did not know and could not have reasonably learned, that plaintiffs were under the age of 18.

### THIRD AFFIRMATIVE DEFENSE

The negligent or intentional acts of plaintiffs were the sole legal cause of plaintiffs' damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

The negligent or intentional acts of plaintiffs were a contributing cause of plaintiffs' damages, if any, and should be compared to that of the Mantra Defendants to reduce such damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' assumption of a known risk was the sole legal cause of their damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

The negligence or intentional actions of third parties, who hosted or recorded this event, is the sole legal cause of plaintiffs' damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim under 18 U.S.C. § 2255 because the plaintiffs were no longer minors when the alleged violations of 18 U.S.C. §2252(a) and 2252A(a) allegedly occurred.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of unclean hands to the extent that plaintiffs expressly or impliedly misrepresented their ages to gain access to the events at issue.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of illegality to the extent that plaintiffs' participated in the commission of illegal activities including, without limitation, engaging in underage drinking and trespassing on private property.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because they fraudulently induced the owners of the Desert Inn to allow them to take part in the events at issue by representing that they were at least eighteen years old, and the Mantra Defendants relied upon those representations to their detriment.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have already been fully compensated for their injuries, if any, by other defendants in previous lawsuits.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs consented to the publication of their likeness and image.

**THIRTEENTH AFFIRMATIVE DEFENSE**

18 U.S.C. §§ 2252 and 2252A violate the First Amendment to the United States Constitution facially because they criminalize and create civil liability for engaging in a substantial amount of speech protected by the First Amendment in the absence of

sufficient governmental interests for such criminalization or creation of liability, and they are not properly narrowed to serve those interests that supposedly justify such criminalization or creation of liability.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by the doctrine of laches in that Plaintiffs unreasonably delayed in bringing this action to the disadvantage of Mantra Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by the doctrine of equitable estoppel in that they represented that they were at least eighteen years old, and Mantra Defendants relied upon those representations to their detriment.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs expressly consented to a release prior to taking part in the events that are at issue.

The Mantra Defendants hereby demand trial by jury.

> GREENBERG TRAURIG, P.A.
> 101 East College Avenue
> Tallahassee, Florida  32301-7742
> Telephone:    (850) 222-6891
> Facsimile:     (850) 681-0207
>
> s/Barry Richard
> **BARRY RICHARD**
> FLORIDA BAR NO. 105599
> E-MAIL: RICHARDB@GTLAW.COM
> **LAUREEN E. GALEOTO**
> FLORIDA BAR NO. 194107
> E-MAIL: GALEOTOL@GTLAW.COM
> **KARUSHA Y. SHARPE**
> FLORIDA BAR NO. 0540161
> E-MAIL: SHARPEK@GTLAW.COM
>
> *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via electronic service upon the following on this 22nd day of May, 2007:

The Solommon Tropp Law Group, P.A.
Stanford R. Solomon, Esq.
Mark S. Howard, Esq.
Thomas E. DeBerg, Esq.
1881 West Kennedy Boulevard
Tampa, FL 33606-1606

and

Richard S. Shankman, Esq.
Litigation Concepts, L.C.
2536 NW 53rd Street
Boca Raton, FL 33496-2204

                                                s/Barry Richard

*TAL 451397692v3 5/22/2007*

**GREENBERG TRAURIG, P.A.**