UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JULIE TILTON,**
**NICOLE BREITFELLER,** and
**TABITHA GAUTREAUX,**

      Plaintiffs,                                    CASE NO.: 8:07-cv-432-T-30MAP

vs.

**JOSEPH R. FRANCIS, MRA HOLDINGS, L.L.C.,**
**MANTRA FILMS, INC.**, d/b/a Girls Gone Wild,
**AMX PRODUCTIONS, L.L.C.**, d/b/a AMX Video
a/k/a Action Matrix, a/k/a Aztec Media Co., and
**SVOTHI, INC.**, d/b/a PPVNetworks
a/k/a Nakedontv.com,

      Defendants.
_____/

## ANSWER, DEFENSES AND CROSS-CLAIM
## OF SVOTHI, INC.

COMES NOW, the Defendant, SVOTHI, INC., by and through its undersigned attorneys, and hereby files its Answer, Defenses and Cross-Claim, and states as follows:

### ANSWER

Defendant responds as follows to the correspondingly numbered paragraphs of Plaintiffs' Complaint:

    1.      Without knowledge.

    2.      Without knowledge.

    3.      Without knowledge.

4. Admitted with the exception that Defendant is without knowledge as to whether AMX Productions does business in Florida.

5. Admitted.

6. Admitted for jurisdictional purposes only.

7. Denied that this Court has personal jurisdiction over this Defendant. Otherwise without knowledge.

8. Without knowledge.

9. Denied.

10. Without knowledge.

11. Without knowledge.

12. Without knowledge.

13. Without knowledge.

14. Without knowledge.

15. Without knowledge.

16. Without knowledge.

17. Denied.

18. Without knowledge.

19. Without knowledge.

20. Without knowledge.

21. Without knowledge. Denied that Defendant has any obligation to pay the Plaintiffs' attorney's fees.

22. Denied.

### COUNT 1

23 - 36   Paragraphs 23 through 36 are not directed to Defendant SVOTHI, INC. To the extent a response is required, Defendant denies the allegations.

### COUNT 2

37 - 43   Paragraphs 37 through 43 are not directed to Defendant SVOTHI, INC. To the extent a response is required, Defendant denies the allegations.

### COUNT 3

44 - 53   Paragraphs 44 through 53 are not directed to Defendant SVOTHI, INC. To the extent a response is required, Defendant denies the allegations.

### COUNT 4

54 - 70   Paragraphs 54 through 70 are not directed to Defendant SVOTHI, INC. To the extent a response is required, Defendant denies the allegations.

### COUNT 5

71 - 82   Paragraphs 71 through 82 are not directed to Defendant SVOTHI, INC. To the extent a response is required, Defendant denies the allegations.

### COUNT 6

83 - 91   Paragraphs 83 through 91 are not directed to Defendant SVOTHI, INC. To the extent a response is required, Defendant denies the allegations.

### COUNT 7

92.   Defendant SVOTHI, INC. incorporates it answers to paragraphs 1 through 22 and 25 through 34 as if set forth fully herein.

93.   Admitted for jurisdictional purposes only.

94.   Denied.

95. Admitted that AMX utilized the nakedontv website to advertise videos. Without knowledge as to the content of those videos or whether those videos depicted the Plaintiffs. Otherwise denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

## COUNT 8

102. Defendant SVOTHI, INC. incorporates it answers to paragraphs 1 through 22 and 25 through 34 as if set forth fully herein.

103. Admitted for jurisdictional purposes only.

104. Denied.

105. Admitted that AMX utilized the nakedontv website to advertise videos. Without knowledge as to the content of those videos or whether those videos depicted the Plaintiffs. Otherwise denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

### COUNT 9

114. Defendant SVOTHI, INC. incorporates it answers to paragraphs 1 through 22 and 25 through 34 as if set forth fully herein.

115. Admitted for jurisdictional purposes only.

116. Denied

117. Denied.

118. Denied.

119. Without knowledge.

120. Admitted that AMX utilized the nakedontv website to advertise videos. Without knowledge as to the content of those videos or whether those videos depicted the Plaintiffs. Otherwise denied.

121. Denied.

122. Denied.

123. Denied. SVOTHI was advised that AMX videos were not pornographic and that those videos were not subject to the record-keeping requirements of 18 U.S.C. §2257.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Immunity Under CDA)

SVOTHI, INC. is immune from suit pursuant to 47 U.S.C. §230(c)(1) as it is an "interactive computer service" (ISP) which does not create content, but merely allows Internet access to information provided by another information content provider.

### SECOND DEFENSE
### (§18 U.S.C. §2252A(a) is Unconstitutional)

Plaintiffs seek damages for "violations of 18 U.S.C.A. 2252A(a)". However, the relevant portions of 18 U.S.C. 2252A(a) have been declared unconstitutional in this Circuit. *See*, U.S. v. Williams, 444 F.3d 1286, 1298 (11th Cir. 2006).

### THIRD DEFENSE
### (Defendant is not a "Producer")

SVOTHI, INC. is not required to obtain, maintain or disclose age verification information pursuant to 18 U.S.C. §2257 as it is not a "producer" as defined in that statute or the relevant Federal regulations.

### FOURTH DEFENSE
### (18 U.S.C. §2257 is Unconstitutional as Applied to Defendant)

The United States has been enjoined from enforcing 18 U.S.C. §2257 against secondary producers. *See*, Free Speech Coalition v. Gonzales, 406 F.Supp.2d 1196, 1211 (D.Colo. 2005). To the extent that SVOTHI, INC. can be categorized as a secondary

producer, 18 U.S.C. §2257, and the associated regulations, are unconstitutional as applied against it.

## FIFTH DEFENSE
### (No Predicate Offense – No Distribution)

SVOTHI, INC. did not produce, ship, transport, mail or distribute any videos or video materials including depictions of any of the Plaintiffs. Accordingly, there is no predicate offense which would give rise to liability under 18 U.S.C. §2252, 18 U.S.C. §2252A, 18 U.S.C. §2255 or 18 U.S.C. §1466A.

## SIXTH DEFENSE
### (No Predicate Offense – No Sexually Explicit Conduct)

The depictions of the Plaintiffs are not sexually explicit as defined by §18 U.S.C. §2256(a). Accordingly, there is no predicate offense which would give rise to liability under 18 U.S.C. §2252, 18 U.S.C. §2252A, 18 U.S.C. §2255 or 18 U.S.C. §1466A.

## SEVENTH DEFENSE
### (No Predicate Offense – No Obscenity or Graphic Sexual Acts)

The depictions of the Plaintiffs are not obscene under the Miller standard nor do they include graphic depictions of those acts specified in 18 U.S.C. 1466A(a)(2)(A). Accordingly, there is no predicate offense which would give rise to liability under 18 U.S.C. §1466A.

## EIGHTH DEFENSE
### (No Predicate Offense – No Knowledge of Age)

SVOTHI, INC. has no actual knowledge of the age of performers in videos distributed by the other Defendants, nor did SVOTHI, INC. have any reasonable opportunity to discover the age of the performers. Likewise SVOTHI, INC. did not act in reckless disregard of its obligations under the law as it had no reason to believe that any of the Defendants would produce or distribute materials including depictions of minors.

## NINTH DEFENSE
### (Reasonable Reliance on 18 U.S.C. §2257 Age Verification Disclosures)

SVOTHI, INC. has the right to reasonably rely on the 18 U.S.C. 2257 record keeping disclosures included in materials produced by others. Those record keeping disclosures assure SVOTHI that no persons under the age of 18 are depicted in sexually explicit acts.

## TENTH DEFENSE
### (Reasonable Reliance on Representations by Vendor)

SVOTHI, INC. has the right to reasonably rely on the express representations of AMX PRODUCTIONS, L.L.C. that the videos in questions were not pornographic and did not feature performances by minors.

## ELEVENTH DEFENSE
### (Contributory Negligence)

Plaintiffs' own negligent and intentional actions were the sole cause or a contributing cause of their damages, if any, and Plaintiffs' damages should be reduced by

their comparative fault.

## TWELFTH DEFENSE
### (Superceding Cause)

The intentional actions of third parties who produced and distributed the video images are the sole legal cause of the Plaintiffs' damages and those actions supercede any conduct or negligence on the part of SVOTHI, INC.

## THIRTEENTH DEFENSE
### (Allocation of Liability Among Joint Tortfeasors)

The intentional actions or negligent acts of the other Defendants are the sole legal and proximate cause of Plaintiffs' damages and any recovery should be allocated among and between the joint tortfeasors in accordance with their relative fault.

## FOURTEENTH DEFENSE
### (No Proximate Causation)

SVOTHI, INC. is not the proximate cause of any damages suffered by the Plaintiffs. In particular, SVOTHI, INC. did not film the Plaintiffs, did not produce the video images in question and did not ship, transport, mail or distribute any videos or video materials pertaining to the Plaintiffs.

## FIFTEENTH DEFENSE
### (Statute of Limitations)

Plaintiffs' action is barred in whole or in part by the applicable statute of limitations.

## SIXTEENTH DEFENSE

### (Laches)

Plaintiffs' action is barred by laches and equitable estoppel because they failed to bring this action within a reasonable time, to the detriment of SVOTHI, INC.

## CROSSCLAIM

COMES NOW the Defendant/Cross-Plaintiff, SVOTHI, INC., and hereby sues the Cross-Defendant, AMX PRODUCTIONS, L.L.C., and says:

1. Plaintiffs maintain that this Court has subject matter jurisdiction over the underlying cause of action pursuant to 28 U.S.C. 1331 and 18 U.S.C. §2255(a).

2. This Court has supplemental jurisdiction over Cross-Plaintiff's state law claims pursuant to 28 U.S.C. §1367 where Federal jurisdiction is otherwise properly invoked.

3. Cross-Plaintiff, SVOTHI, INC. (hereinafter referred to as "SVOTHI") is a New York corporation.

4. Cross-Defendant AMX PRODUCTIONS, L.L.C. (hereinafter referred to as "AMX") is a Colorado limited liability company.

5. On or about August 28, 2001, the parties entered into a written arrangement whereby SVOTHI agreed to design and maintain a website or Internet portal for AMX to showcase products sold by AMX. A copy of the agreement is attached as Exhibit "A" to this Cross-Claim.

6. The said agreement has automatically renewed from year to year and remains in effect between the parties.

7.  Paragraph 1 of the agreement provides that AMX is solely responsible for the content of the website:

> 1. Studio shall have, all interest in, responsibility for, and ownership of, the Studios's (sic) Content. SVOTHI assumes no responsibility for the Studio's Content or the services offered by Studio through use of the Service. Any content, material, message or date made available or transmitted through the Service, wherever it is sent from, viewed, received, or retrieved, that is in violation of any local, state, federal or international law, regulation or treaty; or any accepted community standard or internet policy is prohibited. This includes, but is not limited to actions such as misuse of copyrighted materials, misappropriation of trade secrets and other distinguishing marks and use of the Service for defamatory, threatening, obscene or other unlawful purposes.

9.  Pursuant to the parties' contract, AMX provided certain content which was posted on the website designed by SVOTHI.

10. SVOTHI received orders for AMX products and content through the website and forwarded those orders to AMX. SVOTHI did not itself service or fulfill any of these orders.

11. SVOTHI did not ship or distribute any of the AMX products or content directly. Rather inventory, shipment and delivery were the sole responsibility of AMX.

12. The Plaintiffs in the above-captioned litigation claim that the AMX content included videos of the Plaintiffs engaged in sexually explicit conduct.

13. Pursuant to the terms of the parties' agreement, AMX is solely responsible for its content and must indemnify and hold SVOTHI harmless from any claims or liability arising from such content. The operative language is found in paragraph 8 of the parties' contract:

> 8. Studio agrees to defend, indemnify and hold harmless SVOTHI, its ISP, affiliates, directors, employees, agents, and subcontractors, against

any and all allegations, claims, expenses (including reasonable attorney's fees and disbursements), liability or suits threatened, made or brought in relation to or arising from (1) Studio's creation, distribution or use of its Content, including but not limited to, any infringement of intellectual property rights, or (ii) Studio-provided content, or (iii) Studio's or its End Users' violation of Section 1; or (iv) any other acts or missions of Studio that directly results in property or personal claims attributable to service outages incurred by SVOTHI or its customers.

14. The Plaintiffs' claims in this litigation arise solely from the content provided by AMX and not from any actions or inactions of SVOTHI.

15. Pursuant to the terms of the parties' agreement, AMX must indemnify SVOTHI for any and all damages and attorney's fees incurred as a result of Plaintiffs' claims.

16. SVOTHI has retained GARY S. EDINGER and GARY S. EDINGER & ASSOCIATES, P.A. as its attorneys in this cause and has agreed to pay them a reasonable fee for their services, which fee AMX must pay pursuant to the parties' contract.

WHEREFORE, SVOTHI moves for entry of Judgment against AMX for damages in an amount sufficient to indemnify it for all damages, costs and attorney's fees associated with the defense of the action brought by Plaintiffs.

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was furnished to MARK STEPHEN HOWARD, Esquire, The Solomon Tropp Law Group, P.A.,1881 West Kennedy Boulevard, Tampa, Florida 33606-1606; BARRY SCOTT RICHARD, Esquire, Greenberg Traurig P.A., 101 E. College Ave., P.O. Box 1838 Tallahassee, Florida 32302; CAMILLE GODWIN, Esquire, Cohen, Jayson & Foster, P.A., 201 E. Kennedy Blvd., Suite 1000, Tampa, Florida 33602; SCOTT WALLACE

CICHON, Esquire, Cobb & Cole, PLLC, 150 Magnolia Ave, P.O. Box 2491, Daytona Beach, Florida 32115-2491 via the CM/ECF system and by U.S. Mail, this 29th day of May, 2007.

                GARY S. EDINGER & ASSOCIATES, P.A.

                _____
                GARY S. EDINGER, Esquire
                Florida Bar No.: 0606812
                305 N.E. 1st Street
                Gainesville, Florida 32601
                (352) 338-4440 (352) 337-0696 (fax)
                GSEdinger@aol.com
                Attorney for SVOTHI, INC.

### The legal stuff:

THIS Agreement is made between SVOTHI Corp. ("SVOTHI") and Studio effective as of the date below Studios's signature ("Effective Date"). SVOTHI shall offer Studio's pay-per-view and online sales of Studio's movies on SVOTHI's websites, as mutually agreed upon by both parties, under this Agreement, which is incorporated herein, and the parties are legally bound as follows:

1. Studios shall have, all interest in, responsibility for, and ownership of, the Studios' s Content.
SVOTHI assumes no responsibility for the Studio' s Content or the services offered by Studio through use of the Service. Any content, material, message or data made available or transmitted through the Service, wherever it is sent from, viewed, received, or retrieved, that is in violation of any local, state, federal or international law, regulation or treaty; or any accepted community standard or Internet policy is prohibited. This includes, but is not limited to actions such as misuse of copyrighted materials, misappropriation of trade secrets and other distinguishing marks and use of the Service for defamatory, threatening, obscene or other unlawful purposes.

SVOTHI or reserves the right to terminate this Agreement, or suspend Service for any violation or potential violation of this Section. Studio agrees to consent to SVOTHI's necessary enforcement of this Policy.

2. SVOTHI and ISP assume no responsibility, and make no claims or warranties regarding End-User access security, Network access security, or use of encryption technology, and assumes no responsibility for any loss or damage resulting therefrom.

3. SVOTHI retains all rights to the Service, the digitized and encoded content, and the Equipment until such time as contract is terminated, then all digitized and encoded rights will revert back to Studio. At no time shall studio have any ownership, or other rights to the Service, the digitized and encoded content, or Equipment. Studio acknowledges that it will not acquire any interest in, nor file any liens upon, the Equipment or the Global Hosting Center (ISP) as a result of this Agreement or termination for any reason. Svothi agrees not to sell or use studio's titles after termination of this agreement.

4. SVOTHI may use Studios' s name on a standard customer referral list. Any press release or other public statement relating to this Agreement, requires the prior approval of the other party.

5. The 'Service Order Date" refers to the date SVOTHI receives this Agreement from Studio and starts the implementation process. The "Initial Anniversary Date" refers to the date SVOTHI notifies the Studio in writing (e-mail) of the availability of the Service. Any Studio acts or omissions that result in a delay in Service Implementation may result in SVOTHI 's termination of this Agreement.

6. SVOTHI accepts, and agrees to pay, all revenue sharing fees described herein. Payment will be made monthly (except for the first month' s Fees that will be payed upon completion of the first month of service, after the Initial Anniversary Date). Payment is due within 30 days after end of month payment cycle.

7. This Agreement term ("Term") is effective upon the Effective Date and shall continue for one (1) year through the Service Term Commitment set forth in the Pricing Specification, with the Service Term Commitment beginning on the Initial Anniversary Date of the Service. Unless terminated by either party as provided below, this Agreement will automatically renew after the initial Term on a month to month basis, subject to the then applicable agreed upon revenue sharing arrangement, unless otherwise agreed in writing by the parties. Either party may terminate this Agreement upon written notice to the other (1) at the end of either the initial or subsequent Term, so long as notice is provided thirty (30) days before the end of such term, or (2) upon material breach of the Agreement by the other party, following a 30 day cure period. However, SVOTHI may suspend or terminate this Agreement immediately if: a) Studio's filling of a petition in bankruptcy, or c) Studio or its End-Users violate the provisions of Section 1. Any termination or suspension does not remove SVOTHI' s responsibilities to pay all Service Fees up to the date of suspension or termination. Customer acknowledges that SVOTHI is providing Services in expectation of Studio fulfilling its Service Term Commitment.

EXHIBIT "A"

8. Studio agrees to defend, indemnify and hold harmless SVOTHI, its ISP, affiliates, directors, employees, agents and subcontractors, against any and all allegations, claims, expenses (including reasonable attorney's fees and disbursements), liability or suits threatened, made or brought in relation to or arising from (i) Studio's creation, distribution or use of its Content, including, but not limited to, any infringement of intellectual property rights, or (ii) Studio-provided content, or (iii) Studio's or its End Users' violation of Section 1; or (iv) any other acts or omissions of Studio that directly results in property or personal claims attributable to service outages incurred by SVOTHI or its customers.

9. **Warranties Excluded.** SVOTHI MAKES NO WARRANTIES IN CONNECTION WITH THIS SERVICE OR PROVIDED EQUIPMENT (SOFTWARE AND HARDWARE), WHETHER WRITTEN OR ORAL, STATUTORY, EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION ANY WARRANTY OF MERCHANTABILITY AND THE WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE OR USE.

10. **Limitation of Liability.** SVOTHI, ISP, ITS AFFILIATES AND THEIR DIRECTORS, EMPLOYEES, AGENTS AND SUBCONTRACTORS, SHALL IN NO EVENT BE LIABLE TO STUDIO OR ANY OTHER PERSON FOR ANY ACTUAL, DIRECT, INDIRECT, CONSEQUENTIAL, SPECIAL, INCIDENTAL, RELIANCE, PUNITIVE OR ANY OTHER DAMAGES, LOST DATA OR COST OF PROCUREMENT OR SUBSTITUTE SERVICES OR FOR ANY LOST PROFITS OF ANY KIND OR NATURE WHATSOEVER, REGARDLESS OF THE FORESEEABILITY THEREOF, ARISING OUT OF THIS SERVICE, EQUIPMENT OR NETWORK ACCESS OR IN ANY WAY ARISING OUT OF THIS AGREEMENT, WHETHER IN AN ACTION ARISING OUT OF BREACH OF CONTRACT, BREACH OF WARRANTY, DELAY, NEGLIGENCE, STRICT TORT LIABILITY, PRODUCT LIABILITY, PATENT OR INTELLECTUAL PROPERTY MATTERS OR ANY OTHER LEGAL OR EQUITABLE THEORY.

11. This Agreement represents the complete agreement and understanding of the parties with respect to the subject matter herein, and supersedes any other agreement or understanding, written or oral, to include any communication between SVOTHI and Studio not set forth in the documents expressly incorporated in this Agreement. This Agreement may be modified only in writing signed by both parties. Except for payment obligations, neither party shall be liable for delay in, or failure of, performance hereunder due to causes beyond its reasonable control; provided, in the case of delay, that such party shall give notice to the other party of any actual or anticipated delay, shall take steps to minimize any such delay and overcome its effects, and shall promptly resume performance when the cause of such delay is removed. Neither party may sell, transfer, or assign this Agreement, except to entities completely controlling or controlled by that party, or to entities acquiring all or substantially all of its assets, without the prior written consent of the other which consent shall not be unreasonably withheld or delayed. Any act in derogation of the foregoing shall be invalid; provided, however, that any such assignment shall not relieve the assigning party of its obligations hereunder. This Agreement shall be governed by the substantive law of the State of New York without regard to its principles of conflicts of law, and any legal proceeding shall be brought solely in the state or federal courts in New York County, New York. No action or proceeding against SVOTHI may be commenced more than one year after the event giving rise to such claim.

The parties represent and warrant that they have full corporate power and authority to execute this Agreement and to perform their obligations hereunder, and that the person whose signature appears below is fully authorized to enter into this Agreement on behalf of the Customer.

FOR STUDIO (NAME): _____AMX VIDEO_____
SIGNATURE: _____
PRINTED NAME/TITLE: ____CHAUSSEE____ Date _8 28 01_

FOR SVOTHI CORP.: _____
PRINTED NAME/TITLE: _____ Date _____