# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JULIE TILTON, NICOLE BREITFELLER,**
**and TABITHA GAUTREAUX,**

      Plaintiffs,                       Case No.: 8:07-cv-00432-T30MAP

v.

**JOSEPH R. FRANCIS, MRA HOLDINGS, L.L.C.,**
**MANTRA FILMS, INC., d/b/a/ Girls Gone Wild,**
**AMX PRODUCTIONS, L.L.C., d/b/a AMX Video,**
**a/k/a GM Video, a/k/a Aztec Media Co., a/k/a**
**George Martin Video, a/k/a Action Matrix, and**
**SVOTHI, INC. d/b/a PPVNetworks, a/k/a**
**Nakedontv.com,**

      Defendants.
_____/

## CASE MANAGEMENT REPORT

      1.      <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on July 27, 2007 and was attended by:

      **J. Meredith Wester, Esq.**
      **Mechanik Nuccio**
      **Hearne & Wester, P.A.**
      **18560 N. Dale Mabry Highway**
      **Lutz, FL  33548**
      **Counsel for Plaintiffs**
      **(via telephone conference)**

      **Richard C. McCrea, Esq.**
      **Greenberg Traurig, P.A.**
      **625 E. Twiggs Street, Suite 100**
      **Tampa, FL  33602**
      **Counsel for Defendants, Joseph R. Francis and Mantra Films, Inc.**
      **(via telephone conference)**

**Gary S. Edinger**
**Gary S. Edinger & Associates, P.A.**
**305 NE 1st Street**
**Gainesville, FL 32601**
**Counsel for Defendant, Svothi, Inc.**
**(via e-mail transmission-unable to attend due to trial)**

    2.    <u>Initial Disclosures:</u>

a. Fed.R.Civ.P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26 (a)(1).[1]

The parties (check one)

  __**X**__    have exchanged information referenced by Fed. R. Civ. P. 26 (a)(1)(A)-(D) or agree to exchanges such information on or before **September 28, 2007**.[2]

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. <u>See</u> Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. <u>See</u> Fed. R. Civ. P. 26(a)(1).

_____    stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:
_____
_____
_____

_____    have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify parts or parties) _____ objects to disclosure of such information for the specific reason(s) that:
_____
_____
_____

3.    Discovery Plan – Plaintiffs:  The parties jointly propose the following Plaintiffs' discovery plan:

   a.    Plaintiffs' Planned Discovery:  A description of every discovery effort Plaintiffs plan to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

   (1)    Requests for Admission:

**Plaintiffs may serve within the discovery period one or more Requests for Admission regarding the allegations contained in Plaintiffs' complaint (and any amended complaints) and Defendants' responses thereto.**

Number of Requests for Admission:  Parties may seek to limit the number of Plaintiffs' requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

   (2)    Written Interrogatories:

**Plaintiffs intend to serve within the discovery period Interrogatories regarding the allegations contained in Plaintiffs' complaint (and any amended complaints) and Defendants' responses thereto.**

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts."  Any request by Plaintiffs to exceed this limit must be made in paragraph 6 below and approved by the court.

  (3) <u>Requests for Production or Inspection</u>:

**Plaintiffs intend to serve within the discovery period Requests for Production regarding the allegations contained in Plaintiffs' complaint (and any amended complaints) and Defendants' responses thereto.**

  (4) <u>Oral Depositions</u>:

**Plaintiffs will depose necessary witnesses by the discovery cutoff date.**

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31 (a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Plaintiffs to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | <u>Proposed length of Deposition</u> | <u>Grounds</u> |
|---|---|---|

**The parties do not request an extension of time for any depositions.**

 b. <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiffs' Fed R. Civ. P. 26(a)(2) disclosure will be due as noted here:

  **May 23, 2008**

 c. <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Plaintiffs' supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

  **45 days before the trial date**

 d. <u>Completion of Discovery</u>:  Plaintiffs will commence all discovery in time for it to be completed on or before **September 26, 2008.**

 4. <u>Discovery Plan – Defendants</u>:  The parties jointly propose the following Defendants' discovery plan:

4

      a.   <u>Defendants' Planned Discovery</u>:  A description of every discovery effort Defendants plan to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

      (1)   <u>Requests for Admission</u>:

**Defendants may serve within the discovery period Requests for Admission regarding the allegations contained in Plaintiffs' complaint (and any amended complaints) and Defendants' responses thereto.**

Number of Requests for Admission:  Parties may seek to limit the number of Defendants' requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

      (2)   <u>Written Interrogatories</u>:

**Defendants may serve within the discovery period Interrogatories regarding the allegations contained in Plaintiffs' complaint (and any amended complaints) and Defendants' responses thereto.**

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts."  Any request by Defendants to exceed this limit must be made in paragraph 6 below and approved by the court.

      (3)   <u>Requests for Production or Inspection</u>:

**Defendants may serve within the discovery period Requests for Production regarding the allegations contained in Plaintiffs' complaint (and any amended complaints) and Defendants' responses thereto.**

      (4)   <u>Oral Depositions</u>:

**Defendants will depose necessary witnesses by the discovery cutoff date.**

Number of Depositions:  Local Rule 3.02(b) provides,"[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31 (a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Defendants to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|

**The parties do not request an extension of time for any depositions.**

      b.  <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendants' Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

      **June 20, 2008**

      c.  <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendants' supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

      **45 days before the trial date.**

      d.  <u>Completion of Discovery</u>: Defendants will commence all discovery in time for it to be completed on or before **September 26, 2008**.

      5.     <u>Joint Discovery Plan – Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g..,* handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

      a.     Any paper in this case, where filed with the Court or not, may be served in compliance with federal and local rules or in Portable Document Format ("PDF"). Service of documents filed with the Court shall be governed by the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules regarding electronic filing. With respect to documents such as written discovery that are not filed with the Court, the parties agree that the following rules shall apply:

      (1)     Requests for Admissions, interrogatories and requests for production also shall be served in with Word or Word Perfect formatted on the party to whom the discovery requests are directed.

             (2)    Each PDF document must be served as an attachment to electronic mail sent to counsel for the party served or to any *pro se* party on the date that the document is due.

      6.    <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

      **N/A**

      7.    <u>Third-party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third-party claims, motion to join parties, motions for summary judgment, and all other potentially dispositive motions should be **<u>November 25, 2008</u>** (Note time limit in Local Rule 4.03)

      8.    <u>Settlement and Alternative Dispute Resolution</u>. Pursuant to Local Rule 3.05 (c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
    \_\_\_\_\_likely    (check one)
    __**X**__ unlikely   (at this time).

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).    \_\_\_\_\_yes    __**X**__ no    \_\_\_\_\_likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

      9.    <u>Consent to Magistrate Judge Jurisdiction</u>: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. <u>See</u> 28 U.S.C. § 636.
    \_\_\_\_\_yes    __**X**__ no    \_\_\_\_\_likely to agree in future

      10.    <u>Preliminary Pretrial Conference</u>:

Track Three Cases:  Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three cases.

Track Two Cases: Parties    (check one)
   \_\_\_request
   __**X**__ do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

11. <u>Final Pretrial Conference and Trial</u>: Parties agree that they will be ready for a final pretrial conference within 30 days of the Court ruling on the last pending dispositive motion and ready for trial 60 days thereafter. This **Jury __X___ Non-Jury _____** trial is expected to take approximately **2 weeks**.

12. <u>Pretrial Disclosures and Final Pretrial Procedures</u>: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13. <u>Other Matters</u>: **None at this time**

Date: August 6, 2007

/s/ J. Meredith Wester
**J. MEREDITH WESTER, ESQUIRE**
Florida Bar No.: 881317
**MECHANIK NUCCIO HEARNE & WESTER, P.A.**
18560 N. Dale Mabry Highway
Lutz, Florida 33548
Telephone: (813) 968-1002
Facsimile: (813) 968-1502
E-mail: jmw@mechaniknuccio.com
Counsel for Plaintiffs

Date: August 6, 2007

/s/ Richard C. McCrea
**SEAN P. CRONIN, ESQUIRE**
Florida Bar No.: 412023
**RICHARD C. MCCREA, ESQUIRE**
Florida Bar No.: 351539
**Greenberg Traurig, P.A.**
625 E. Twiggs Street, Suite 100
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813)
Counsel for Defendants, Joseph R. Francis and Mantra Films, Inc.

Date: August 6, 2007

/s/ Gary S. Edinger
**GARY S. EDINGER, ESQUIRE**
Florida Bar No.: 0606812
**Gary S. Edinger & Associates, P.A.**
305 NE 1st Street
Gainesville, FL 32601
Telephone: (352) 338-4440
Facsimile: (352) 337-0696
E-mail: GSEdinger@aol.com
Counsel for Svothi, Inc.